**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| GEORGE E. CARTER-EL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-2482 (RBW) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

George E. Carter-El brings this action against the United States of America under the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. §§ 2671–80. The defendant moves to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. On consideration of the defendant's motion and the plaintiff's opposition, the Court grants the defendant's motion.

**I. BACKGROUND**

**A. The Plaintiff's Criminal Convictions and Parole**

The plaintiff is serving the following four consecutive prison sentences:

- On March 18, 1986, the Superior Court of the District of Columbia imposed a prison term of 9 to 27 years for armed robbery (Case No. F 9266-85E)

- On November 19, 1986, the United States District Court for the Eastern District of Virginia imposed a 90-day prison term for escape (Case No. CR 86-252-A)

- On March 24, 1988, the Superior Court imposed a prison term of 13 to 39 years on two counts of armed robbery (Case No. F-4270-86 E, F, G)

1

- On October 14, 1988, the Superior Court imposed a prison term of 4 months to 1 year for carrying a pistol without a license (Case No. F 4270-86-K)

*See generally* Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss ("Def.'s Mem."), Exhibit ("Ex.") A (Sentence Monitoring Computation Data). Accordingly, the plaintiff's maximum aggregate prison sentence is 67 years and 90 days, *see id.*, Ex. A at 1, and is set to expire on April 9, 2060, *id.*, Ex. A at 2.

On January 30, 2009, the plaintiff was released on parole. *See id.*, Ex. B (Certificate of Parole). At that time, 16,134 days remained on the plaintiff's maximum aggregate prison sentence, and the plaintiff was placed under the supervision of the Court Services and Offender Supervision Agency ("CSOSA") and under the jurisdiction of the United States Parole Commission ("Commission") until April 3, 2053.[1] *Id.*, Ex. B at 1; *see id.*, Ex. A at 1. Among other conditions of parole, the plaintiff was required not to violate any law or possess any dangerous weapon or ammunition. *See id.*, Ex. B at 2 ¶¶ 8–9.

Two incidents in November 2009 preceded the plaintiff's return to custody. On November 14, 2009, the plaintiff allegedly assaulted and threatened two individuals with a knife, and was charged with two counts of simple assault, attempted threats to do bodily harm, and attempted possession of a prohibited weapon. *See id.*, Ex. C (Alleged Violation(s) Report) at 4. Then, on November 30, 2009, Metropolitan Police Department officers arrested the plaintiff for

---

[1] "Congress transferred authority over any imprisoned felon who is eligible for parole or reparole under the D.C. Code from the D.C. Board of Parole to the U.S. Parole Commission" as of August 5, 1998. *Fletcher v. Reilly*, 433 F.3d 867, 870 (D.C. Cir. 2006) (brackets, internal quotation marks and citation omitted). Therefore, the Commission has "jurisdiction and authority . . . to grant and deny parole . . . [to] any imprisoned felon who is eligible for parole or reparole under the District of Columbia Code." *Franklin v. District of Columbia*, 163 F.3d 625, 632 (D.C. Cir. 1998).

carrying a dangerous weapon (knife).² *Id*., Ex. C at 3; *see generally id*., Ex. C1
(Arrest/Prosecution Report).

Based on these two events, *see id*., Ex. D (Warrant Application at 2 (Charge Nos. 2–3), as well as the plaintiff's failures to submit to drug testing, *see id*., Ex. D (Charge No. 1), the Commission issued a warrant for his arrest on December 7, 2009, *see id*., Ex. D (Warrant), which was executed on April 29, 2010, *see id*., Ex. D (United States Marshal's Return to United States Parole Commission). Notwithstanding dismissal of the criminal charges incurred by the plaintiff on November 14, 2009 and November 30, 2009, *see id*., Ex. E (docket sheet), the Commission conducted a probable cause hearing on May 4, 2010, *see generally id.*, Ex. F (D.C. Probable Cause Hearing Digest), and a parole revocation hearing on February 10, 2011, *see generally id*., Ex. H (Hearing Summary). The Commission ultimately made no findings on the charged violations and reinstated the plaintiff's community supervision. *See id*., Ex. I (Notice of Action dated February 22, 2011).

The plaintiff was again arrested by Metropolitan Police Department officers on September 14, 2011, after finding a loaded .32 caliber revolver on his person. *See generally id*., Ex. K (Complaint). Thereafter, the plaintiff was charged with the following four criminal offenses: possession of a firearm by a convicted felon, carrying a pistol without a license, possession of an unregistered firearm, and possession of unregistered ammunition. *See id*., Ex. J (Arrest/Prosecution Report). Eventually, a jury convicted the plaintiff of all four offenses, and on August 14, 2012, the Superior Court imposed a 72-month prison sentence followed by a three-year term of supervised release. *See id*., Ex. M (Judgment in a Criminal Case, Case No.

---

² The weapon was described as a samurai sword with a 12-inch blade. *See* Def.'s Mem., Ex. C1 (Arrest/Prosecution Report) at 2.

2011 CF2 017840). Based on the plaintiff's criminal conduct, the Commission charged the plaintiff with violating the law, *see id*., Ex. L (Warrant Application, Charge No. 3), and issued a parole violation warrant on December 13, 2011, *see id*., Ex. L (Warrant).[3] However, instead of executing its warrant, the Commission had it lodged as a detainer, *see id*., Ex. O (Detainer), pending expiration of the 72-month prison sentence, which the plaintiff served at Rivers Correctional Institution in Winton, North Carolina, *see id*., Ex. O at 1. In addition, the Commission supplemented its warrant to reflect the 2012 Superior Court conviction, *see id*., Ex. P (Supplement).

On December 4, 2016, when the plaintiff completed this 72-month prison sentence, *see id*., Ex. A at 1, the Commission's warrant was executed, *see id*., Ex. S (United States Marshal's Return to United States Parole Commission), while8 the plaintiff was detained at Rivers Correctional Institution. The Commission arranged to conduct a parole revocation hearing by video conference on January 23, 2017, but the plaintiff refused to appear. *See id*., Ex. U (Memo Regarding Hearing). The Commission continued the hearing to the next available date, *id*., Ex. V (Notice of Action), but again on April 20, 2017, the plaintiff refused to appear, *see id*., Ex. W (Revocation Hearing Institutional) at 1. A hearing examiner then recommended revocation of the plaintiff's parole, *see id*., Ex. W at 4, based on violation reports prepared by the plaintiff's Community Supervision Officer and the 2012 Superior Court conviction, *see id*., Ex. W at 2–3. The Commission concurred and revoked the plaintiff's parole, setting August 13, 2017, as the plaintiff's effective parole date, *see id*., Ex. X (Notice of Action) at 1.

---

[3] The Commission also charged the plaintiff with administrative violations, namely, failure to make diligent effort to find employment (Charge No. 1) and failure to submit to drug testing (Charge No. 2). *See* Def.'s Mem., Ex. L (Warrant Application).

The Commission prepared a parole certificate on July 20, 2017, but the plaintiff refused to sign it. *See id*., Ex. Y at 1. The plaintiff has remained in custody pursuant to 28 C.F.R. § 2.85(a)(2)(i), which provides:

> If you have been granted a parole date and you refuse to sign the certificate of release (or any other document necessary to fulfill a condition of release), we will consider your refusal as a withdrawal of your application for parole as of the date of your refusal. You will not be released on parole and you will have to reapply for parole consideration.

*Id*.

### B. The Plaintiff's Prior Civil Actions

1. *Carter-El v. Fulwood*, 819 F. Supp. 2d 38, 40 (D.D.C. 2011) (Walton, J.)

In this case, the plaintiff filed a petition for a writ of habeas corpus, which challenged the Commission's authority over him. He "argue[d] that the sentencing judge did not impose a term of parole," *Carter-El*, 819 F. Supp. 2d at 40, and placing him under parole supervision was therefore unlawful, *see id*. The Court deemed the petitioner's argument without "a basis in law and reason," *id*., explaining:

> Under the law in effect at the time of the petitioner's sentence, the judge was required to impose a "sentence . . . for a maximum period not exceeding the maximum fixed by law, and for a minimum period not exceeding one-third of the maximum sentence imposed, and any [convicted person] may be released on parole . . . at any time after having served the minimum sentence." D.C. Code § 24-203(a) (1973). The [United States Parole Commission] assumed parole responsibility of District of Columbia prisoners in August 1998. *See Franklin v. District of Columbia*, 163 F.3d 625, 632 (D.C. Cir. 1998). It therefore had authority in 2009 to release the petitioner – who had yet to serve his maximum sentence – to parole supervision until the expiration of his maximum sentence.

*Id*. at 40–41.

2. *Carter-El v. D.C. Dep't of Corrs.*, 893 F. Supp. 2d 243, 245 (D.D.C. 2012), *aff'd*, 2013 WL 3367416 (D.C. Cir. July 5, 2013) (per curiam)

In this second case, the plaintiff invoked both the Civil Rights Act, *see* 42 U.S.C. § 1983, and the FTCA, alleging that the Commission "impos[ed] an unlawful term of parole without judicial authorization." *Carter-El*, 893 F. Supp. 2d at 244. The Court summarily rejected the plaintiff's challenge to the Commission's jurisdiction, referring to its prior opinion. *See id.* (citing *Carter-El*, 819 F. Supp. 2d at 40–41). The Court also dismissed the plaintiff's FTCA claim for lack of subject matter jurisdiction. The plaintiff did not refute the defendant's characterization of his negligence claim as a claim of false imprisonment, and the Court concluded that the FTCA barred the claim, stating:

> Since § 2680(h) of the FTCA permits a claim of false imprisonment to be brought only against United States officers "empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law," authority which the Parole Commission officials lack, the Court finds that it lacks jurisdiction over the plaintiff's false imprisonment claim against the Parole Commission.

*Carter-El*, 893 F. Supp. 2d at 247.

3. *Carter-El v. Tripp*, No. 5:17-HC-2009, 2018 WL 1403608 (E.D.N.C. Mar. 20, 2018), *appeal dismissed*, 732 F. App'x 188 (4th Cir. 2018)

In this case, the plaintiff filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of North Carolina. Among other claims, the plaintiff "contend[ed] that the Commission lacks jurisdiction over him because he was not sentenced to a term of parole by the District of Columbia Superior Court." *Carter-El*, 2018 WL 1403608, at *4. The Court dismissed this claim without prejudice as a successive petition for which he was required to "obtain pre-filing authorization from the Fourth Circuit[.]" *Id*.

### C. The Plaintiff's Current FTCA Claim

The plaintiff claims that the Commission's Chair "failed to perform her duties [by] investigating [the] expiration dates of his two [(2)] consecutive sentences before . . . lodg[ing] a fraudulent 'federal' parole violation warrant," Compl. at 2, and causing the warrant's execution "after his effective release date on December 2, 2016," *id*. at 3, and his continued detention.  In addition, the plaintiff challenges the Commission's authority over him, *see id*. at 4–5, and accuses the Commission of having "disregarded the doctrine of separate[ion] of powers by performing duties and functions of the judicial branch," *id*. at 5.  The plaintiff "seeks the relief of three million dollars due to the . . . legal claims of false arrest, false imprisonment, and abuse of process committed during the course of its employment by the United States."  *Id*. at 13 (emphasis removed); *see id*., Ex. 3 (Claim for Damage, Injury, or Death).

## II. DISCUSSION

### A. Sovereign Immunity

Because "[f]ederal courts are courts of limited jurisdiction, . . . [i]t is . . . presumed that a cause lies outside this limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994), and the plaintiff bears the burden of establishing a basis for the Court's jurisdiction, *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  In assessing whether it has jurisdiction, the Court "assume[s] the truth of all material factual allegations in the complaint and construe[s] the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged[.]" *Am. Nat. Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (internal quotation marks and citations omitted).  However, the Court "need not limit itself to the allegations of the complaint," but rather "may consider such materials outside

the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction in the case." *Rann v. Chao*, 154 F. Supp. 2d 61, 61 (D.D.C. 2001).

"Under the doctrine of sovereign immunity, the United States is immune from suit unless Congress has expressly waived the defense of sovereign immunity by statute." *Carter-El*, 893 F. Supp. 2d at 246 (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). This consent "must be 'unequivocally expressed.'" *Id.* (quoting *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992)). The FTCA is a limited waiver of sovereign immunity, which "renders the United States subject to suit for certain – but not all – tort claims." *Atherton v. United States*, 174 F. Supp. 3d 359, 363 (D.D.C. 2016); *Johnson v. Veterans Affairs Med. Ctr.*, 133 F. Supp. 3d 10, 15 (D.D.C. 2015) (stating that the FTCA "makes the federal government liable to the same extent as a private individual for certain torts of federal employees acting within the scope of their employment"). For example, the plaintiff's assertion that the Commission is an executive branch agency performing the functions of the judicial branch of government, *see* Compl. at 5, fails because the FTCA does not waive the United States' immunity from suit for a constitutional claim. *See, e.g.*, *Boling v. U.S. Parole Comm'n*, 290 F. Supp. 3d 37, 46 (D.D.C. 2017) ("First, the law is well established that Congress has not waived the United States' immunity with respect to tort claims arising under the Constitution."), *aff'd*, No. 17-5285, 2018 WL 6721354 (D.C. Cir. Dec. 19, 2018).

In addition, the FTCA bars certain intentional tort claims, namely "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). There is an exception to this limitation on FTCA liability, however. "Known as the 'law enforcement proviso,' this provision extends the waiver of sovereign immunity to claims for

six intentional torts . . . that are based on the 'acts or omissions of investigative or law enforcement officers.'" *Millbrook v. United States*, 569 U.S. 50, 52–53 (2013) (quoting 28 U.S.C. § 2680(h)). The FTCA defines the term "investigative or law enforcement officer" as "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." 28 U.S.C. § 2680(h). Accordingly, not all federal officials qualify as investigative or law enforcement officers. *See, e.g.*, *Metz v. United States*, 788 F.2d 1528, 1532 (11th Cir. 1986) ("conclud[ing] that the provision permitting governmental liability on the basis of actions of law enforcement officers cannot be expanded to include governmental actors who procure law enforcement actions, but who are themselves not law enforcement officers"); *Lewis v. District of Columbia Police Dep't*, 271 F. Supp. 3d 177, 180 (D.D.C. 2017) (concluding that the United States Attorney "is not considered a law enforcement officer for purposes of the FTCA" such that the FTCA did not waive sovereign immunity for malicious prosecution and false arrest claims), *aff'd*, No. 17-5245, 2018 WL 1896537 (D.C. Cir. Apr. 3, 2018) (per curiam); *Loumiet v. United States*, 255 F. Supp. 3d 75, 98 (D.D.C. 2017) (concluding that Office of the Comptroller of the Currency officials' power to invoke, revoke, quash, or modify subpoenas did not render them "'investigative or law enforcement officers,' as none of these rights amount to a power to execute searches, to seize evidence, or to make arrests").

The defendant argues that the FTCA bars the plaintiff's false imprisonment, false arrest and abuse of process claims. *See generally* Def.'s Mem. at 8–10. The plaintiff attempts to avoid the FTCA's intentional torts exception by alleging negligence by the defendant. *See, e.g.,* Compl. at 1, 2 (alleging "he was deprived of his statutory good time credits . . . by the negligent act of the federal employee of the United States Parole Commission"); *id*. at 4 (alleging that the

9

defendant "neglected to examine both of plaintiff's two judgment and commitment orders"); *id*. at 5 ("The defendant had neglected to authorize the appropriate federal marshals to perform [his/her] federal duties."). This simply is not a fair assessment of the harm he contends he has sustained.

Essentially the plaintiff contends that he has been detained past the date when his Superior Court sentences expired, and thus his allegation more closely resembles an "over-detention" claim, where a plaintiff allegedly remained in custody beyond when he should have been detained. *See, e.g.*, *Edwards v. United States*, 211 F. Supp. 3d 234, 236 (D.D.C. 2016) (alleging that Court Services and Offender Supervision Agency personnel detained the plaintiff for 30 days after a finding that there was no probable cause to arrest him for violating the terms of his parole); *cf. Smith v. District of Columbia*, 149 F. Supp. 3d 128, 134 (D.D.C. 2015) (finding that, for purposes of a false imprisonment claim, the plaintiff had "adequately pled that the restraint was unlawful, because he was ordered released as of March 18, 2014, but was not freed until April 10, 2014"). As this Circuit has noted, "a litigant cannot circumvent the FTCA by the simple expedient of drafting in terms of negligence a complaint that in reality is a claim as to which the United States remains immunized." *Art Metal-U.S.A., Inc. v. United States*, 753 F.2d 1151, 1160 n.16 (D.C. Cir. 1985) (quoting *Johnson v. United States,* 547 F.2d 688, 691–92 (D.C. Cir. 1976) (alterations omitted)). Consequently, the plaintiff's negligence allegation is appropriately treated as a false imprisonment claim for which the United States' sovereign immunity has not been waived. *See Edwards*, 211 F. Supp. 3d at 237 (concluding that the defendant's alleged negligence "by losing [the plaintiff's] paperwork, which caused a delay in the processing of his release" was a false arrest claim barred by the FTCA).

Next, the plaintiff attempts to avail himself of the law enforcement proviso by asserting that the Chair of the Commission is an "investigative or law enforcement officer" because she has the power to effect the plaintiff's detention. *See, e.g.,* Compl. at 3 (alleging that he "was arrested or detained by a federal employee . . . who was empower[ed] to make arrests for violation of Federal laws"); *id*. at 6 ("The Defendant had the authority to withdraw [the] federal parole violation warrant against the plaintiff before his release date but she permitted it to stand."); Pl.'s Opp'n at 5 ("The United States had abused its authority processing fabricated and falsified documents to detain plaintiff which caused serious detrimental injuries such as false imprisonment."). This is not a new argument, as the plaintiff raised it before and it was rejected in one of his prior civil cases. As the Court noted in one of his prior cases:

> Since § 2680(h) of the FTCA permits a claim of false imprisonment to be brought only against United States officers "empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law," authority which the Parole Commission officials lack, the Court finds that it lacks jurisdiction over the plaintiff's false imprisonment claim against the Parole Commission.

*Carter-El*, 893 F. Supp. 2d at 247. Furthermore, "the Commission retains the immunity it is due as an arm of the federal sovereign." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005). Accordingly, the plaintiff's claims cannot be maintained against the defendant.

**B. Issue Preclusion**

"The doctrine of res judicata prevents repetitious litigation involving the same causes of action or the same issues." *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F. 2d 944, 946 (D.C. Cir. 1983). The doctrine contains two components, claim preclusion and issue preclusion, which may operate together or separately. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). "Issue preclusion . . . bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the

issue recurs in the context of a different claim." *Id*. (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748–49 (2001)).

An issue is precluded if:

> [t]he same issue . . . being raised [was] contested by the parties and submitted for judicial determination in the prior case, the issue [was] actually and necessarily determined by a court of competent jurisdiction in that prior case, [and] preclusion . . . must not work a basic unfairness to the party bound by the first determination.

*Martin v. Dep't of Justice*, 488 F.3d 446, 454 (D.C. Cir. 2007) (quoting *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992)). Unfairness may occur where "the party to be bound lacked an incentive to litigate in the first trial." *Otherson v. Dep't of Justice*, 711 F.2d 267, 273 (D.C. Cir. 1983) (citing *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 333 (1971)). "In determining whether issue preclusion exists, a court may take judicial notice of all relevant facts that are shown by the court's own records, as well as public records from other proceedings." *Budik v. Ashley*, 36 F. Supp. 3d 132, 142 (D.D.C. 2014) (brackets, internal quotation marks and citation omitted). The issue preclusion analysis does not call for this Court's review of the merits of the prior determination. *See Consol. Edison Co. of N.Y. v. Bodman*, 449 F.3d 1254, 1257 (D.C. Cir. 2006).

It is apparent that the issue of the Commission's jurisdiction is precluded from consideration by this Court. The plaintiff raised the same issue in a prior civil action and this Court ruled against him. The Court concluded that the Commission at that time and thereafter will retain its authority over the plaintiff until the expiration of the plaintiff's aggregate sentence, *see Carter-El*, 819 F. Supp. 2d at 40–41, that is, until April 9, 2060. Given the plaintiff's vigorous and repeated challenges to the Commission's jurisdiction, this Court cannot find that precluding the plaintiff from again challenging his detention in this case is unfair.

## III. CONCLUSION

The Court concludes that it lacks subject matter jurisdiction over the plaintiff's tort claims and that the complaint otherwise fails to state a claim upon which relief can be granted. Accordingly, the Court will grant the defendant's motion to dismiss the complaint. An Order is issued separately.

DATE: November 18, 2019          /s/
REGGIE B. WALTON
United States District Judge